UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 3:11cr12 (MRK) |
| : | |
| RAFAEL RODRIGUEZ; JOCELYN : | |
| PEREZ : | |

## RULING AND ORDER

Pending before the Court is Defendant Rafael Rodriguez's Motion for Reconsideration, In Part, of the Court's Ruling on Suppression ("Motion for Reconsideration") [doc. # 49]. Mr. Rodriguez brings his Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7(c), which is applicable to criminal prosecutions pursuant to Local Rule of Criminal Procedure 1(c). *See* D. Conn. L. Crim. R. 1(c); *see also, e.g.*, *United States v. Lucarelli*, 490 F. Supp. 2d 295, 296-97 (D. Conn. 2007) ("Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases." (quotation marks and citation omitted)). Mr. Rodriguez asks the Court to reconsider its denial of suppression of two cellular telephones and money seized from Mr. Rodriguez on January 7, 2011.

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "The major grounds justifying reconsideration are 'an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981)).

In his Memorandum in Support of the Motion for Reconsideration [doc. # 49-1], Mr. Rodriguez suggests that new evidence that has become available since the suppression hearing contradicts Detective Alex Estrella's testimony regarding the location at which Mr. Rodriguez's cell phones and money were seized. The evidence at issue is a government photographic image ("FBI Photo 052.jpg") showing what appear to be the two cell phones seized from Mr. Rodriguez, as well as Mr. Rodriguez's wallet, a watch, a container of lip balm, and Jessica Rodriguez's American Automobile Association card. In the photographic image, those items are located on the seat of an automobile. *See* Ex. A to Mem. in Supp. of Mot. for Reconsideration [doc. # 49-1] at 6. At the suppression hearing, Detective Estrella testified that he had seized the cell phones and money from Mr. Rodriguez after Mr. Rodriguez had been brought inside the house at 146 Mark Twain Drive and arrested, and not during the earlier stop at 72 Albany Avenue.

Although "FBI Photo 052.jpg" is not listed as such on any report or document provided in discovery, Mr. Rodriguez suggests that this image is referred to on a "Photo Log" as "Photo No. 16 – close-up of Rafael Rodriguez's personal property," which immediately precedes "Photo No. 17 – Side view Gray Honda Accord." *See* Ex. B to Mem. in Supp. of Mot. for Reconsideration [doc. # 49-1] at 8. The Photo Log identifies the photographer as "I/A Dan Judd." *Id.* Mr. Rodriguez argues that FBI Photo 052.jpg, in combination with Special Agent Ryan James's notation on an inventory form that cell phones, a wallet with IDs, and a watch were seized from

Mr. Rodriguez during a "traffic stop," Ex. C to Mem. in Supp. of Mot. for Reconsideration [doc. # 49-1] at 10, "constitutes evidence that could materially [a]ffect the outcome of the [suppression] hearing." Mem. in Supp. of Mot. for Reconsideration [doc. # 49-1] at 2. Mr. Rodriguez states in his brief that he expects that an affidavit from Mr. Judd "will explain the circumstances that gave rise to the taking of the photograph, including its location." *Id.* at 3.

In response to Mr. Rodriguez's Motion for Reconsideration, the Government has submitted the affidavit of Daniel Judd, who is an Intelligence Analyst for the Connecticut Counterdrug Task Force and assigned to the Federal Bureau of Investigation ("FBI"). *See* Judd Aff. [doc. # 51-1] ¶ 1. In his affidavit, Mr. Judd affirms that on January 7, 2011 he assisted FBI Special Agents and Task Force Officers in the execution of a search warrant at 146 Mark Twain Drive and that as part of his assignment, he was asked to photograph a Honda Accord that was parked at 146 Mark Twain Drive "as well as some items that were on the front seat of the vehicle." *Id.* ¶¶ 2-3. Mr. Judd affirms that the photograph identified as "FBI Photo 052.jpg" was taken by him at 146 Mark Twain Drive and depicts items on the front seat of the Honda Accord. *See id.* ¶ 3. Mr. Judd also affirms that he did not take any photographs at 72 Albany Avenue and indeed did not even go to 72 Albany Avenue during the investigation in question. *See id.* ¶ 4.

Because Mr. Judd's affidavit indicates that he photographed the cell phones and wallet while the Honda Accord was parked at 146 Mark Twain Drive, FBI Photo 052.jpg is not evidence that in any way conflicts with Detective Estrella's testimony that he seized those items from Mr. Rodriguez at 146 Mark Twain Drive, after Mr. Rodriguez's arrest, and not during the earlier stop at 72 Albany Avenue. Therefore, the Court has no reason to revisit its factual finding that the two cell phones and wallet were seized from Mr. Rodriguez at 146 Mark Twain Drive or any of the legal conclusions in its Memorandum of Decision [doc. # 46].

For those reasons, Mr. Rodriguez's Motion for Reconsideration [doc. # 49] is DENIED.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 26, 2011.**